U S DISTRICT COURT
DISTRICT OF N.H.
FILED

2015 JAN 30  A II: 43

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **TOSATTI PADMORE** | : CASE NO# 112-CR-00061 |
| PETITIONER | : THE HONORABLE DISTRICT JUDGE |
| | : PAUL J. BARBADORO |
| | : |
| **UNITED STATES OF AMERICA** | : |
| RESONDENT | : |

## MOTION TO DIMISS INDICTMENT AND CONVICTION
## FOR LACK OF SUBJECT MATTER JURISDICTION
## PURSUANT TO FEDERAL RULES OF CIVIL
## PROCEDURE, RULE 12 (B) (1) & 12 (H) (3)

Comes now, Petitioner, Tosatti Padmore (hereinafter "Petitioner Padmore"), by pro-se, to submit to this Honorable Court his motion to dismiss the indictment and conviction in the above referenced cause brought by the United States, where the Federal Courts lack subject- matter jurisdiction to preside over the offense that has been charged against Petitioner Tosatti Padmore, pursuant to the Federal Rule of Civil Procedure, Rules 12(B) (1) and 12(H) (3). Petitioner Tosatti Padmore subject matter jurisdiction claim is supported by the following points of law and authorities cited.

### Jurisdiction

This Honorable court has jurisdiction to entertain the forgoing motion to dismiss where the federal courts are of limited Jurisdiction and may not preside over cases if they lack subject matter jurisdiction. **Bender v Williamsport Area School District, 475 U.S. 534, 541, 106 S.Ct. 1326, 89 L.Ed. 2d 501 (1986); Lydonville Sav. Bank and Trust Co. v. Lussier, 211 F.3d 697, 700-701 (2nd Cir. 2000).**

Pursuant to federal Rule of Civil Procedure 12 (B) (1), when courts subject-matter jurisdiction is challenged through a motion to dismiss, the plaintiff bears the burden of establishing

1

jurisdiction. **The Piney Run Pres. Assn. v. The County Comm'r of Carol County, MD., 523 F.3d 453,459 (4th cir 2008).** Subject matter jurisdiction cannot be waived expressly or implied by failing to follow procedural rule or through any other means, as a district court is a court of limited jurisdiction that has a duty to examine its jurisdiction sua sponte.

Pursuant to Federal Rule of Civil Proc. 12 9H) (3) at any stage of litigation, including appeal, etc., subject matter jurisdiction may be questioned. By Petitioner Padmore failing to raise the courts lack of subject matter jurisdiction the parties cannot confer jurisdiction by consent. If the court perceives the defect, it is obligated to raise the issue sua sponte. **McCorkle v First Pennsylvania Banking and Trust Co. 459 F.2d 243 (4th cir 1972).** A federal Court is obligated to dismiss a case, at any time, whenever it appears the court lacks subject matter jurisdiction.

Petitioner Padmore establishes in the foregoing motion to dismiss, pursuant to Fed. R. Civ. Proc. 12 (B) (1) and 12 (H) (3), that the district court lacked subject matter jurisdiction to provide over the offense of his instant conviction, where the plaintiff's (government's) cause of action (indictment) was deficient in charging against Petitioner Padmore an offense that would promote a federal interest.

On or about 6/13/12 a 7 count indictment was returned in the U.S. District Court for the District of New Hampshire charging Petitioner Padmore with various violations of title 21 U.S.C. 841 (A) (1) and a 2 firearm violations under 922 (G) and 924 (C) of title 18.

On June 21, 2013 a Plea hearing was held as to Padmore, whereas he pleaded guilty to counts 1 thru 6 and was sentenced to serve 97 months imprisonment followed by 3 years supervised release.

**Issues**

Petitioner Pandmore's Federal indictment for Drug Law violations omits the essential elements under 21 U.S.C. 841 to promote a federal interest and his conviction must be dismissed where a violation of the 5th Amendment indictment clause, 6th Amendment notice clause and a violation of Fed. R. Crim. Pro 7 (C) has resulted from Petitioners Padmore's federal conviction.

Petitioner Padmore maintains that the district court lacked subject matter jurisdiction to prosecute him where the government's cause of action (indictment) was deficient in charging him with committing an offense that promotes a federal interest.

The 5th Amendment is satisfied if the indictment makes a "specific reference to the essential elements of an offense".

In Petitioner Padmore's indictment, counts 1 through 5 tracks the language of the statue- 21 U.S.C. 841 (a) (1) omitting the essential facts consisting of a quantity nor any reference to subsection (b) (1) which triggers a penalty under 841. Failing to include an amount of reference to (b) (1) fails to afford Petitioner facts which could support consideration of the possible penalties he would be exposed to upon a plea of guilt.

### Argument

Consider Petitioner Padmore's indictment (Exhibit A-1 thru 5) where each count gives a vague description of a charged offense. References in each count begins, with "On or about" followed by a date, which could in essence expose Petitioner to future prosecution using specific facts with a more detailed description of events constituting a crime whether in state or federal court. In **Russell v United States (1962) 369 U.S. 749, 8 L.Ed 2d 240, 82 S.Ct. 1038,** two criteria was used in determining the sufficiency of an indictment testing whether facts stated show essential elements of offense, and whether facts alleged are sufficient to permit defendant to plead former jeopardy in subsequent prosecution. This court also held, "Although the

language of the statue may be used in the general description of an offense in an indictment upon the statue, it is not sufficient to set forth the offense in the words of the statue unless those words of themselves fully directly, and expressly, without any uncertainty or ambiguity set forth all the elements necessary to constitute the offense intended to be punished; where the statutory language does not apprise the defendant with reasonable certainty of the nature of the accusation against him it must be accompanied with such a statement of the facts and circumstances as will inform him of specific offense, coming under the general description, with which he is charged.

### 841 (A) (1)

Drug type and quantity are elements of the offense under 21 U.S.C. 841 that must be charged in the indictment, this in order to determine the statutory max or statutory minimum, where no penalty provision is charged the indictment itself fails. No such reference to (b) (1) (b) or (c) was alleged in petitioners' indictment.

Any actual conviction under 841 and not merely the sentence imposed for this conviction is invalid especially where only "a quantity" or "no amount" of controlled substance is charged in the underlying indictment. Why? Because section 841 offenses, they are in fact and in law separate offenses. Thus, where an indictment alleges only "a quantity" or "no quantity" of controlled substance (e.g. cocaine base) it is *impossible* to evaluate if the section 841 (b) (1) (c) exception applies or not: a quantity could just as easily refer to 5 or more tablets of oxycodone or 10,000 triggering an aggravated section 841 (b) (1) (c). Therefore an indictment that alleges "a quantities" or "no quantity" does not allege a violation of any Federal law and the conviction based upon the indictment is unconstitutional. See e.g. **Stirone v. United States, 361 U.S. 212, 217 (1960)**

841 (b) must, when it subjects the defendant to any sentence be considered an offense charged rather than a sentencing factor. Without 841 (b) there is no violation supporting any federal interest.

Petitioner Padmore anticipates that the response by the government will be that his guilty plea "waives" all antecedent constitutional violations. In the majority of convictions, that proposition is correct. However, Petitioner Padmore asserts, as emphasized in **Toilet v Henderson, 411 U.S. 258, 266, 36 L.Ed. 2d 235, 93 S.Ct. 1602 (1973)** that waiver is not the basic ingredient of this line of cases; 411 U.S. at 266. A guilty plea simply renders irrelevant those constitutional violations not logically inconsistent with valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is established. The guilty plea in this case, therefore does not bar Petitioner Padmore's claim where the federal court lacks subject-matter jurisdiction over the instant case of conviction.

### Conclusion

Where the federal courts subject matter jurisdiction to preside over this instant case, Petitioner Padmore's jurisdictional claim can't be waived and is properly presented in the instant petition. **Bender 475 U.S. at 541.**

Respectfully submitted,

/s/ TOSATTI Padmore 1-26-2015
TOSATTI Padmore
F.C.I. Allenwood
P.O. Box 2000
White Deer, PA 17887

I, Tosatti Padmore, do hereby certify and swear, pursuant to 28 U.S.C. §1746 under penalty of perjury that a true and correct copy of the foregoing Motion to Dismiss has been mailed this 26 day of January, 2015, by placing same into the Institution's mailing system on the date indicated above using standard U.S. Mail Service, postage prepaid, to the following:

Respectfully submitted,

*/s/ Tosatti Padmore* 1-26-2015
Tosatti Padmore
F.C.I. Allenwood
P.O. Box 2000
White Deer, PA 17887

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Criminal Case No. 12-cr-61-PB |
| TOSATTI PADMORE, ) | |
| ) | |
| Defendant. ) | |

## SUPERCEDING INDICTMENT

The Grand Jury charges:

### COUNT ONE
21 U.S.C. § 841(a)(1)
Distribution of Oxycodone

On or about July 19, 2011, in the District of New Hampshire, the defendant,

**TOSATTI PADMORE,**

did knowingly and intentionally distribute oxycodone, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT TWO
### 21 U.S.C. § 841(a)(1)
### Distribution of Oxycodone

On or about August 2, 2011, in the District of New Hampshire, the defendant,

**TOSATTI PADMORE,**

did knowingly and intentionally distribute oxycodone, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT THREE
## 21 U.S.C. § 841(a)(1)
### Distribution of Oxycodone

On or about January 4, 2012, in the District of New Hampshire, the defendant,

**TOSATTI PADMORE,**

did knowingly and intentionally distribute oxycodone, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT FOUR
### 21 U.S.C. § 841(a)(1)
### Distribution of Oxycodone

On or about January 11, 2012, in the District of New Hampshire, the defendant,

**TOSATTI PADMORE,**

did knowingly and intentionally distribute oxycodone, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT FIVE
### 21 U.S.C. § 841(a)(1)
### Distribution of Oxycodone

On or about January 30, 2012, in the District of New Hampshire, the defendant,

**TOSATTI PADMORE,**

did knowingly and intentionally distribute oxycodone, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).