UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE


United States of America

    v.                         Case No.: 12-cr-61-01 PB

Tosatti Padmore


SCHEDULING ORDER FOR SENTENCING MODIFICATION

On July 18, 2014, the United States Sentencing Commission (the "Commission") determined to give retroactive effect to the permanent guideline amendment regarding certain drug trafficking offenses (Amendment 782).  Retroactivity of the guideline amendment became effective November 1, 2014, at which time reductions in sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the retroactive application of the amendment were authorized, although defendants eligible for a sentence reduction cannot be released before November 1, 2015.  The above-captioned case is potentially eligible for a reduced sentence under this retroactive amendment.

The following schedule is established in order to join and resolve the issues presented by the potential application of the amendment in this case.

I.   Supplemental Presentence Report and Distribution of Other
     Documents

The Office of United States Probation and Pretrial Services ("USP") shall prepare a supplemental presentence report that accounts for the amended offense level as well as information regarding public safety considerations and post-sentencing conduct ("Supplemental Report").

On or before May 4, 2015:

A)    USP shall provide counsel with the Supplemental Report as well as the following documents from the underlying sentencing hearing:  Plea Agreement;  Final Presentence Report; Judgment and Committal Order; and Statement of Reasons; and

B)    The Government shall distribute to USP and opposing counsel any written 5K or Rule 35 motion from the underlying sentencing hearing.

II.   Transcript Request

To the extent counsel do not intend to stipulate to a sentencing disposition and no sentencing transcript has been previously prepared, defense counsel shall file an assented to motion for an expedited transcript of the sentencing hearing at the government's expense on or before seven (7) calendar days after counsel's receipt of the Supplemental Report.

III.  Stipulated Disposition or Sentencing Memoranda

On or before fourteen (14) calendar days after counsel's receipt of the Supplemental Report, counsel shall file the following with the court and shall send a copy to the USP:

A)    A stipulation, signed by counsel, containing a fully agreed upon disposition of the sentencing issues presented, indicating that the parties consent to the imposition of the agreed upon disposition without the necessity for a hearing and that defendant waives any right to a hearing on the matter; or

B)    Separate sentencing memoranda with separate headings addressing the following issues:

(1)    The factual and legal basis for their respective positions on contested sentencing issues, which shall at a minimum take into account the Factors for

Consideration described in USSG § 1B1.10 Application
Note 1(B) and shall state with particularity any
objections to the Supplemental PSR;

(2)   Whether, after consultation between counsel, the
matter can be resolved based on the pleadings
submitted or whether a hearing is necessary to resolve
the sentencing issues presented.  Any counsel
requesting a hearing shall indicate the factual and
legal basis for the request and the estimated duration
of any such hearing.  Counsel objecting to a hearing
shall similarly state the factual and legal basis for
the objection.

(3)   If the defendant requests a hearing and takes the
position, despite the provisions of Fed. R. Crim. P.
43(b)(4), that the defendant has a right to attend a
hearing on a motion to reduce sentence, counsel must
set forth the factual and legal basis for that
position and indicate whether the defendant would
consent to appear by video conference if possible.
Counsel assenting to defendant's appearance by video
conference shall, prior to making the request, confirm
that the Bureau of Prisons facility where the
defendant is being housed can accommodate that
request. Counsel are advised that if the defendant is
currently outside the district and the court grants a
request for the defendant to be physically present at
a hearing, it may take a minimum of four (4) weeks to
have the defendant transported back to the District of
New Hampshire.  Absent a request granted by the court,
the defendant will not be physically transported to
the district for a hearing.

IV.   <u>Previously Filed Motions & Objections</u>

To the extent the defendant previously filed a motion to reduce sentence prior to the issuance of this scheduling order, the Government need not respond to defendant's pending motion at this time.  All pleadings filed prior to the issuance of this order shall be deemed moot.

All future pleadings shall be filed in accordance with this scheduling order.


SO ORDERED.


Date:  April 30, 2015


<u>/s/  Paul Barbadoro</u>
Paul Barbadoro
United States District Judge


cc:   Tosatti Padmore
      Counsel of Record